IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MICHAEL CLAY,<br><br>**Plaintiff,**<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE;<br>FIRST PREMIER BANK;<br>EQUIFAX INFORMATION SERVICES, LLC;<br>TRANS UNION, LLC; and<br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>**Defendants.** | CIVIL ACTION NO. 3:24-cv-16-RGJ |

## NOTICE OF REMOVAL

COMES NOW defendant Wells Fargo Home Mortgage ("Wells Fargo" or "Defendant"), by and through undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and all defenses under the federal laws of bankruptcy, and preserving its right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby gives notice of the removal of this action from the Circuit Court of Jefferson County, Kentucky to the United States District Court for the Western District of Kentucky, Louisville Division. In support thereof, Wells Fargo respectfully shows unto the Court as follows:

### I. PROCEDURAL HISTORY

1. On or about November 27, 2023, plaintiff Michael Clay ("Plaintiff") filed a verified complaint against Wells Fargo, along with First Premier Bank, Equifax Information Services,

52668024 v1

LLC, Trans Union, LLC, and Experian Information Solutions, Inc. (collectively, "Defendants") in the Circuit Court of Jefferson County, Kentucky (the "Complaint"). *See* Complaint, attached hereto with the state court file as **Exhibit A**.

2.      Wells Fargo received service of process on December 13, 2023.

3.      In the Complaint, Plaintiff asserts claims against each of the Defendants under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). *See generally*, Ex. A, Compl. Plaintiff seeks statutory, compensatory, consequential, and punitive damages against all Defendants pursuant to the FCRA. *See id.* at 13.

## II. FEDERAL QUESTION JURISDICTION

4.      Federal question jurisdiction exists over this action.

5.      Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6.      This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

7.      This is a civil action arising under the Constitution, laws, or treaties of the United States because all of the claims asserted by Plaintiff in the Complaint arise under the FCRA, 15 U.S.C. § 1681, *et seq. See generally* Ex. A, Compl. Accordingly, Plaintiff's claims in this action arise under the laws of the United States and fall within this Court's original jurisdiction.

### III. ADOPTION AND RESERVATION OF DEFENSES

8. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Kentucky law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### IV. PROCEDURAL REQUIREMENTS

9. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

10. True, correct, and certified copies of "all process, pleadings, and orders" from the state court action are attached hereto as **Exhibit A** in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Wells Fargo to date in this case.

11. This Notice of Removal is filed within thirty days after service of the Complaint on Wells Fargo and is, therefore, filed within the time frame set forth in 28 U.S.C. § 1446.

12. Wells Fargo has not previously sought similar relief.

13. The United States District Court for the Western District of Kentucky, Louisville Division is the District and Division embracing the place where this action is pending in state court.

14. All defendants that have been named in this lawsuit to date have consented in filing this removal.[1] A true and correct copy of each defendant's consent to removal is attached hereto as compilation **Exhibit B**.

15. Wells Fargo reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

16. Contemporaneously with the filing of this Notice of Removal, Wells Fargo has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Circuit Court of Jefferson County, Kentucky. Written notice of the filing of this Notice of Removal has also been served upon counsel for Plaintiff and all Defendants named in this action.

**WHEREFORE**, Wells Fargo prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action the Circuit Court of Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division.

Respectfully submitted this the 8th day of January, 2024.

/s/ Reid S. Manley
Reid S. Manley (KY Bar #90360)
**BURR & FORMAN LLP**
420 North Twentieth Street, Suite 3400
Birmingham, Alabama 35203
T: (205) 251-3000
F: (205) 458-5100
rmanley@burr.com

Attorney for Defendant
WELLS FARGO HOME MORTGAGE

---

[1] Through the filing of this Notice of Removal, Wells Fargo makes no representation as to whether service has been properly made on the other named defendants in this case.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 8th day of January, 2024:

David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40202
hemmingerlawoffice@gmail.com
*Attorney for Plaintiff*

                                      */s/ Reid S. Manley*
                                      OF COUNSEL